## PARKER v. LATIMER.

1. JUDGMENT—ASSIGNMENT—DEFECT OF PARTIES—DEFENSES—ATTOR-NEYS.—In a suit by attorney as assignee of a judgment (assignment made before suit to pay attorney) against executors to realize same out of them individually, because of wasting assets, they cannot set up defect of parties in original suit, or that it was brought by the wrong party, or that they had no notice of such assignment when defending the original suit.

2. IBID.—IBID.—If defendants had notice of such assignment before

settling with the party of record, they are liable to the assignee, for the assigned interest.

3 CHARGE—EXECUTORS AND ADMINISTRATORS—PLENE ADMINISTRAVIT—DEVASTAVIT—BURDEN OF PROOF.—Where executor fails to plead *plene administravit,* and suit is brought against him individually, on judgment, on the issue of *devastavit,* the burden is on him to show that assets then in his hands were taken away from him without his fault or that without fault he failed to realize on them.

Before WATTS, J., Greenville, April, 1900.    Affirmed.

Action by Lewis W. Parker against Joseph P. Latimer and John H. Latimer.    From judgment for plaintiff, defendants appeal.

*Messrs. Shuman & Mooney,* for appellants, cite: *Every action must be prosecuted by real party in interest:* Code, 132; 6 S. C., 184.    *No evidence of notice of assignment to plaintiff before settlement by defendants, and new trial should be granted:* 57 S. C., 280.    *On issue of devastavit, executor may show that assets were lost without his fault or properly paid out:* 25 S. C., 248; 2 Hill L., 447; 2 McM., 80.

*Messrs. Haynesworth, Parker & Patterson,* contra, cite: *Attorney has equitable claim on funds brought into Court:* 31 S. C., 392; 43 S. C., 477.    *Effect of failure to plead plene administravit:* 44 S. C., 1.

March 1, 1901.    The opinion of the Court was delivered by

MR. JUSTICE JONES.    This action was to charge the defendants personally with one-third of a judgment obtained against them as executors of Hewlett Sullivan in favor of James H. Latimer.    In said suit of Latimer against the executors, Benet, McCollough & Parker were employed to prosecute same for the plaintiff therein, under an agreement assigning them one-third of the judgment to be recovered; which interest, on the dissolution of the firm of Benet, McCullough & Parker, was assigned to the plaintiff herein.

The executors contested said suit on other grounds, but failed to plead *plene administravit* or *praeter.* Judgment was recovered against the executors in December, 1897, for $4,070.36 and costs. Execution was issued thereon and returned *nulla bona.* Thereafter, on October 17, 1899, this action was commenced by Lewis W. Parker and James H. Latimer to recover their respective interests in said judgment from the defendants; but about ten days after the service of the complaint, James H. Latimer, without the knowledge or consent of Parker, had a settlement with defendants, by which all his interest in said judgment was discharged; and then on the 19th February, 1900, by order of the Court, the plaintiff, Parker, served an amended and supplemental complaint, alleging the discharge of James H. Latimer's interest in the judgment, and dropping his name as plaintiff. The defendants defended on grounds that will be sufficiently referred to in the disposition of the grounds of appeal, and from the judgment on the verdict in favor of the plaintiff.

1. There was no error in refusing the motion for nonsuit. The evidence tended to establish the facts as stated above, which, if true, were at least *prima facie* sufficient to charge the defendants personally, as we understand appellant's exception to this point, their contention is that the nonsuit should have been granted because the evidence showed an assignment of the claim and judgment before the action was commenced by James H. Latimer against the said executors, and that, therefore, Parker as assignee should have been a party plaintiff; and that the judgment having been taken in favor of the assignor, in so far as the plaintiff as assignee is concerned, there was no judgment shown in his favor; and further, that there was no evidence that defendants had any notice of the assignment at the time of the filing of their answer in the suit against the executors. In the first place, it is not permissible for defendants in this suit to claim that the suit by Latimer against them as executors was not brought by the real party in interest or for defect of parties. In the second place, the assignment contem-

plated a prosecution of the action in the name of James H. Latimer as the real party in interest, and its legal effect was merely to assign one-third interest in the judgment after recovery. As it was no part of plaintiff's case to show that defendants had notice of the assignment at the rendition of the judgment, it was not at all necessary for plaintiff to furnish evidence of such notice. The matter of notice to defendants of the assignment was only material in reference to the issue raised by defendants, that they had paid the judgment to the party of record without notice of assignment.

2. Appellants' second exception, which complains of error in the charge, which was to the effect that plaintiff was entitled to recover if the defendants, when they settled the judgment with James H. Latimer, had notice of the assignment to plaintiff, or notice of such facts as would reasonably put them on inquiry, is likewise untenable. The error alleged is that the jury should have been instructed that if defendants did not have notice of said assignment before judgment in said case, that the plaintiff could not recover. As stated already, it was wholly immaterial whether defendants had notice of the assignment at the rendition of the judgment assigned, if they had notice at the time of the attempted settlement with the assignor.

3. The fourth exception complains of error in the refusal of the motion for a new trial, when there was no evidence that defendants had notice of said assignment when they settled with James H. Latimer. This exception must fail. There was evidence that about ten days before the settlement with James H. Latimer, the defendants had been served with the complaint which informed them of plaintiff's claim of assignment. With such notice, if they relied on statements of James H. Latimer, that plaintiff had no interest in the judgment, they did so at their peril, so far as plaintiff's rights as assignee are involved.

4. The third exception is as follows: "Because his Honor, the presiding Judge, erred in charging the jury that the defendants were liable in this action individually, the plead-

ings showing that they had funds in their hands of the estate of Hewlett Sullivan, and that they could relieve themselves only by showing that they had paid it out on prior liens and expenses of his funeral and other judgments prior to that; but that unless this was shown, the plaintiff herein was entitled to recover against them individually; whereas, it is respectfully submitted that he should have charged that if the defendants, as executors, had judgments as executors on which they reasonably hoped to realize money and were disappointed in collecting the same, without their fault, that they should not be held responsible individually." It will be observed that the point made in this exception is that there was error in the charge in not instructing the jury that the defendants could not be held individually responsible if the defendants as executors had judgments as executors on which they reasonably hoped to realize money, and were disappointed in collecting the same without their fault. It is manifest that the Judge could not have so charged without assuming as matter of fact that the judgments referred to were the sole assets in the hands of the executors. There was no evidence that the judgments, which were said to have proved worthless, were the only assets in the hands of the executors. On the contrary, there was evidence uncontradicted that before the rendition of the judgment against the executors, they had in their hands bank stock or its proceeds amounting to over $11,000, and there was no evidence whatever as to the disposition of this fund. On this ground the exceptions must be overruled. We may say that in this State the failure of an executor to plead *plene administravit* or *praeter* is an admission of assets sufficient to pay the claim sued, and the judgment rendered in such a case is conclusive as to the sufficiency of assets at the time of the rendition of the judgment; but that on the issue of *devastavit*, notwithstanding return of *nulla bona*, which is only *prima facie* evidence of a *devastavit*, the executor may show that the assets have been lost or destroyed without his fault, after the judgment *de*

*bonis tcstatoris,* or have been removed from him by the Court, or have been paid out by him on claims having priority. *Trimmier* v. *Thomson,* 19 S. C., 252, and cases therein cited; *Wilber & Son* v. *Hutto,* 25 S. C., 248. The only evidence offered by defendants touching the matter of *devastavit* was that at the time of answering in the action resulting in the judgment, the defendants "supposed they had abundant assets as executors to pay any judgment against them in that action; but that about $10,000 worth of judgments upon which they then fully expected to realize, they had been unable to realize from them, and that they have proved to be worthless and that, therefore, they have not now assets" as executors to pay said claim. After this exceedingly general statement, defendants offered in evidence judgments in their favor to the amount of about $1,000. There was no evidence tending to show that any particular asset had become worthless after said judgment against the executors, without fault of the executors, nor was there any evidence tending to show that there were no other assets than these alleged worthless judgments from which plaintiff's claim could be paid. Under these circumstances we do not see how the appellants have been in any way prejudiced by the instructions to the jury.

The judgment of the Circuit Court is affirmed.